IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKEY D. FOWLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-1255-M |
| ) | |
| GARY LAWSON, MICHELLE SANDERS, ) | |
| and MEL WOODROW, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is set on the Court's May, 2007 trial docket.

Before the Court is "Defendant[s] Lawson and Sanders' Motion for Summary Judgment" [docket no. 39], filed November 2, 2006. On December 21, 2006, Plaintiff filed his response.[1]

I.   INTRODUCTION

Plaintiff operated a retail establishment known as Rick's Picks and sold convenience store products, including products containing pseudoephedrine. An administrative inspection of Rick's Picks was conducted on November 3, 2003, and some of Plaintiff's business records were seized. On May 6, 2004, pursuant to a search warrant, Plaintiff's home and business were searched and additional items were seized. On November 14, 2005, Plaintiff was charged with unlawful distribution of pseudoephedrine with reckless disregard for how it was going to be used.[2]

On October 28, 2005, Plaintiff filed the instant action asserting claims under 42 U.S.C. §

---

[1] Also before the Court is "Defendants Lawson and Sanders' Motion for Summary Judgment" [docket no. 58], filed February 28, 2007. No response was filed.

[2] On February 9, 2007, a jury found Plaintiff guilty as charged.

1983 and *Bivens*³. Specifically, Plaintiff asserts that Defendants violated his Fourth Amendment rights by seizing and retaining his business records following the November 3, 2003 administrative inspection and by obtaining a search warrant for the May 6, 2004 search using an affidavit containing a false statement. Plaintiff also asserts a "taking" claim alleging that Defendants violated his Fifth Amendment rights by disclosing confidential information to his customers.

## II.    DISCUSSION

Defendants assert that they are entitled to qualified immunity on all of Plaintiff's claims. "The defense of qualified immunity is designed not only to shield public officials from liability, but also to ensure that erroneous suits do not even go to trial." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 779 (10th Cir. 1993). When a claim of qualified immunity is raised on summary judgment, the plaintiff must initially make a twofold showing: (1) the public official's alleged conduct violated the law, and (2) the law was clearly established when the alleged violation occurred. *Id.*

"In order to carry his burden, the plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. Rather, the plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity, and demonstrate a substantial correspondence between the conduct in question and prior law . . . establishing that the defendant's actions were clearly prohibited." *Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995) (internal quotations and citations omitted). "For the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must be as plaintiff maintains." *Foote v. Spiegel*,

---

³*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

118 F.3d 1416, 1424 (10th Cir. 1997) (citing *V-1 Oil Co. v. Means*, 94 F.3d 1420, 1423 (10th Cir.1996)).

If Plaintiff makes the required twofold showing, Defendant then bears the typical summary judgment movant's burden of showing there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Hinton*, 997 F.2d at 779. "Specifically, the public official must show that no material issues of fact remain as to whether his or her actions were objectively reasonable in light of the law and information he or she possessed at the time." *Id.* (internal quotations and citations omitted).

  A. <u>May 6, 2004 Search and Seizure</u>

Plaintiff asserts that Defendants violated his Fourth Amendment rights by obtaining a search warrant using an affidavit containing a false statement and by seizing items not authorized under the search warrant. Defendants contend that the search was properly limited in scope and that they only seized items described in the warrant.

On February 9, 2007, Plaintiff was convicted of unlawfully distributing pseudoephedrine with reckless disregard for how it was going to be used in violation of Okla. Stat. tit. 63, § 2-333. *State of Oklahoma v. Fowler*, CF-2005-1651. By asserting that he was the victim of an unconstitutional search and seizure, Plaintiff is effectively questioning the validity of his arrests and subsequent conviction. *See Roth v. Green*, 466 F.3d 1179, 1189 (10th Cir. 2006). Thus, to recover damages based on these allegations, Plaintiff was first obligated to "'prove that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Smith v. Gonzales,* 222 F.3d 1220, 1222 (10th Cir. 2000) (quoting *Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994)). Thus, a § 1983 claim necessarily challenging the validity of a conviction does not arise until the conviction itself has been invalidated. *Id*; *Roth*, 466 F.3d at 1190.

In light of the foregoing, and having carefully reviewed the parties' submissions, the Court finds that Plaintiff's claims stemming from the May 6, 2004, search of his residence and seizure of his records is premature and, as such, should be dismissed.

    B.    <u>November 3, 2003 Seizure</u>

Plaintiff asserts that Defendants violated his Fourth Amendment rights when they seized and retained his business records following an administrative inspection on November 3, 2003. Defendants assert that Plaintiff voluntarily consented to the administrative inspection and, thereby, waived his Fourth Amendment rights. Defendants further assert they acted reasonably in that retention of legally seized property does not violate the Fourth Amendment.

As for Plaintiff's claim that his records have been unlawfully retained, an action for money damages against federal officials for a constitutional violation is only authorized where no special factors counsel hesitation in fashioning a federal remedy. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 396 (1971); *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("A *Bivens* remedy does not lie in two situations: (1) where Congress has provided an equally effective alternative remedy and declared it to be a substitute for recovery under the Constitution, and (2) where, in the absence of affirmative action by Congress, special factors counsel hesitation.").

Defendants assert that Federal Rule of Criminal Procedure 41 is a "special factor" precluding a *Bivens* action for the return of Plaintiff's records. Rule 41 provides, in pertinent part:

> A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41.  In his response to the instant motion, Plaintiff acknowledges that Rule 41 provides for the return of his records.  Viewing the evidence in the light most favorable to Plaintiff and viewing all reasonable inferences in Plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds that the remedy provided by Rule 41 is a "special factor" counseling hesitation and precluding Plaintiff's claim based on the retention of his records.

Accordingly, the Court finds that Defendant's motion for summary judgment should be granted as to Plaintiff's claims stemming from the retention of his records.

C.   Fifth Amendment Taking

Plaintiff asserts that Defendants violated his Fifth Amendment rights and, thus, committed a "taking," when they disclosed confidential information to some of Plaintiff's customers in violation of 18 U.S.C. § 1905.[4]  Defendants assert, *inter alia*, that the law regarding a taking in violation of the Fifth Amendment such as that described by Plaintiff is not clearly established.

In support of his "taking" claim, Plaintiff cites *In re Stauffer Chemical Co.*, 1980 U.S. Dist. LEXIS 17390 (D. Wyo. 1980), an unpublished opinion from the United States District Court for the District of Wyoming.  This Court can find no case, including the case cited by Plaintiff, holding that the disclosures described here constitute a "taking" in violation of the Fifth Amendment.  In light

---

[4]There is no private right of action under 18 U.S.C. § 1905.  *Chrysler Corp. v. Brown*, 441 U.S. 281, 317 (1979).

of the foregoing, the Court finds that the law is not clearly established and that, as such, Plaintiff has not met his burden of showing that the disclosure violated Plaintiff's Fifth Amendment rights. Accordingly, the Court finds Defendants are entitled to qualified immunity on Plaintiff's claim "taking" claim.

III.  CONCLUSION

For the reasons set forth in detail above, the Court finds that "Defendant[s] Lawson and Sanders' Motion[s] for Summary Judgment" [docket nos. 39 and 58], should be and hereby are, GRANTED.

**IT IS SO ORDERED this 9th day of May, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE